[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11709
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00075-WSD

MICHAEL E. BAUMAN,
by and through Michael E. Sumner, Conservator,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,
PUBLIX SUPER MARKETS, INC.,
as Plan Administrator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 10, 2017)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Sumner, on behalf of Michael Bauman, brought suit against Publix challenging their denial of a claim for the reinstatement of retirement benefits under ERISA in the Northern District of Georgia. The district court upheld Publix's denial of the claim on summary judgment. Bauman timely appealed.

We review the district court's grant of summary judgment *de novo*. Carter v. Galloway, 352, F.3d 1346, 1348 (11th Cir. 2003). We review a district court's affirmance of a plan administrator's ERISA benefits decision by "applying the same legal standards that governed the district court's decision." Blankenship v. Metro. Life. Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011). We affirm the district court's grant of summary judgment.

## I. Background

Michael Bauman is a fifty-six year old man with developmental disabilities. He was adjudged incompetent by the Coweta County Probate Court. Bauman worked for Publix at his local Newnan, Georgia store for seventeen years. In 2010, Michael Sumner was appointed as Michael's conservator. Sumner then had a letter hand-delivered to the Publix store in Newnan, Georgia, at which Bauman worked, stating Sumner was appointed conservator for Bauman and requested that future payroll payments be direct deposited in a specific checking account.[1] Letters of conservatorship were attached to the letter. Four days later, Bauman filled out a

---

[1] Publix has no record of Sumner's letter, and it is unknown to whom at the store the letter was delivered.

direct deposit authorization form for the account listed in Sumner's letter, although Bauman did not indicate on the form that the account was a conservatorship account or that Sumner was incompetent or that a court-appointed conservator was required to manage his property. Publix began depositing Bauman's paychecks into the designated account.

Bauman stopped working at Publix in March 2013. He wrote to Publix's Retirement Department electing to cash out his ESOP stock benefits. In May, Publix sent Bauman a check for $78,509, the value of his stock benefits. Within a month or two, Bauman lost the full amount in an internet scam. Publix's ESOP states that "no distribution shall be made of the benefit to which a Participant or beneficiary is entitled if the Plan Administrator has actual knowledge that such Participant or beneficiary is legally incompetent."

A year later, Sumner learned about the disbursement to Bauman and informed Publix that the distribution should have been made to him, rather than to Bauman. Publix responded that it had no prior knowledge of the conservatorship or Bauman's incompetence. Sumner requested that Publix reinstate Bauman's account because the money had been distributed to Bauman rather than to Sumner. Publix reviewed its decision and denied Sumner's request. This lawsuit followed.

## II. ERISA Review

The standard we apply to reviewing a decision to affirm or reverse a plan administrator's ERISA decision is:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was invested with discretion in reviewing claims; if not, end juridical inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blankenship, 644 F.3d at 1355.

Where a conflict of interest exists, the plaintiff bears the burden of showing that the decision was arbitrary. Id. "A pertinent conflict of interest exists where the

4

ERISA plan administrator both makes eligibility decisions and pays awarded benefits out of its own funds." Id.

### III. Discussion

The dispute in this case comes down to whether the Plan Administrator had "actual knowledge" that Bauman was incompetent. If they did, then distributing his ESOP payment to him was in violation of their Plan. If not, then distributing the money was the correct decision under the Plan. Bauman argues that the letter Sumner delivered to the Publix where Bauman worked was sufficient to provide notice to Publix that Bauman was incompetent. Publix replies that the Plan required that retirement benefits information be sent to Publix's Retirement Department in Lakeland (where employees were told to send retirement information), and that they never received notice that Bauman was incompetent.

Bauman does not actually contend that Sumner's letter was sent to Publix's Retirement Department in Lakeland; however, he contends that the delivery of the letter to the Publix store where Bauman worked was sufficient to inform Publix that Bauman was incompetent. Bauman argues that because Publix is the Plan Administrator, informing any Publix employee is sufficient to provide Publix with actual notice of Bauman's incompetency.

Under this logic, because Sumner had the letters of conservatorship attached to his letter to the Publix where Bauman worked, Publix became actually aware of

5

Bauman's incompetency. However, this would impute to Publix knowledge of everything that goes on in any of their over 1,100 stores. This would be a tremendous burden to place on Publix. We hold that actual notice means that Publix's Retirement Department became factually aware of Bauman's incompetence. Because Bauman points to no evidence that Publix's Retirement Department had actual notice of Bauman's incompetency, the claim administrator's decision was *de novo* correct.

Moreover, even if the decision were not correct, the administrator undisputedly had discretion in reviewing claims, and there were reasonable grounds supporting the denial of reinstatement of benefits. The claims administrator investigated the claim and found no evidence Publix had knowledge of Bauman's conservatorship.[2] This investigation provided reasonable grounds to deny the claim.

Bauman argues that Publix has a conflict of interest, which must be a factor in determining whether the administrator's decision was arbitrary and capricious. Publix both administers the plan and pays awarded benefits, so this is a conflict of interest that we must take into account. Blankenship, 644 F.3d at 1355. However, this conflict is merely a factor in our analysis, and the plaintiff bears the burden of

---

[2] The claims administrator who investigated the claim could find—either in the Retirement Department or in the Payroll Department—no records or other information or communication indicating that Bauman had a conservator.

showing that the decision was arbitrary. Id. Here, there is no evidence that the claims administrator's decision was arbitrary; on the contrary, the evidence demonstrates that the denial of the claim was based on an investigation that revealed that Publix did not have actual notice of Bauman's incompetency. Thus, even if the Publix Retirement Department's decision were not correct, and even though there was a conflict of interest, the decision was not arbitrary and capricious.

For the foregoing reasons, the district court's grant of summary judgment is **AFFIRMED.**